**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MELVA ARACELY GALINDO-MONTEPEQUE and RAUL ESTUARDO GALINDO-REYNA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-71612 <br><br> Agency No. A098-347-341 <br> A 098-347-282 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Melva Aracely Galindo-Montepeque, and her son Raul Estuardo Galindo

Reyna, whose petition is derivative, are natives and citizens of Guatemala, and they

petition for review of the decision of the Board of Immigration Appeals,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing their appeal from the immigration judge's denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Galindo-Montepeque contends that the BIA erred in denying her asylum and withholding applications because she established past persecution through the cumulative incidents of theft and violence by gang members against her, and because of her membership in a social group comprised of single-parent families. Galindo-Montepeque also contends that she was entitled to relief under CAT because gang members acted with the acquiescence of the Guatemalan government.

Substantial evidence supports the agency's finding that Galindo-Montepeque failed to establish that she was targeted because of her membership in any social group, and failed to establish a nexus to any other protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.") Because Galindo-Montepeque did not establish a nexus to a protected ground, her asylum claim fails. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992). Because petitioner did not establish eligibility for asylum, it follows that she did not satisfy the more stringent standard

09-71612

for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).  Finally, substantial evidence supports the agency's denial of petitioner's request for CAT relief because Galindo-Montepeque failed to show that it was more likely than not that she will be tortured by or with the acquiescence of the Guatemalan government.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**